## CLAIBORNE C. HERBERT v. WILLIAM E. BUTTERWORTH.

The plaintiff, who sued to recover wages as an overseer, propounded interrogatories to the defendant,—whether the defendant had not discharged him, after having been in his employment about ten months? and whether the plaintiff had not always been ready and willing, to conform to the terms of his contract? The defendant, after giving an affirmative categorical answer to the first question, and a negative one to the second, proceeded, in his answer to the first interrogatory, to give his reasons for discharging the plaintiff, and in his answer to the latter, referred to his former answer, giving such reasons ; the defendant pleaded as a defence, and in reconvention, that the plaintiff had failed to comply with his contract, in the particulars stated in the answers : *Held*, that the explanations made in regard to his direct answers, were " closely connected with the fact on which he was interrogated ;" and that the court erred in striking out the answers, on the objections taken to them.

See this case, for answers to interrogatories, propounded to defendant by his adversary, which, though pertinent, were perhaps objectionable, as dealing too much in generalities.

APPEAL from Colorado. Tried below before the Hon. James H. Bell.

This was a suit brought by William C. Butterworth, the appellee, to recover of the appellant, $250, for his wages, as the defendant's overseer, under a contract of hiring, commencing in the month of October, 1855, and to continue during the year 1856, at the rate of $300 per annum.

The plaintiff alleged, that the defendant, without cause, discharged him from his employment ; that he was always ready to perform, and up to the date of his discharge, had performed his part of the contract. The defendant pleaded in reconvention, and claimed damages of the plaintiff, in the sum of $1400, by reason of the negligent, unskilful and unfaithful management by the plaintiff, of the plantation affairs of the defendant.

The plaintiff propounded to the defendant the following interrogatory :

*Fourth Interrogatory.*—"Did you, or not, discharge said

Butterworth, on or about the first of September last; he having been in your employment about ten months ?"

To which the defendant answered, "I did discharge the plaintiff, from my employment, and business, about the 1st day of September, 1856." The residue of the answer, was objected to by the plaintiff, and excluded by the court below. It read as follows: "and because he had failed to comply with his contract with me; he had failed to give my negroes, and hands, proper attention; he had failed, from his unskilfulness in attention to, and general mismanagement of my hands and plantation, to make me a crop, almost entirely. That owing to the plaintiff's want of skill and faithfulness, as overseer, and his inattention and mismanagement of the hands and plantation, while in his charge, his crop of cotton and corn was almost an entire failure."

The plaintiff also propounded to the defendant the following interrogatory:

*Sixth Interrogatory.*—"Was not Butterworth, always ready and willing, to conform to the terms of his contract with you?"

To which the defendant answered, "The plaintiff was not at all times ready and willing, to conform to the terms of his contract with me, but failed to comply, as stated in my answer to the fourth interrogatory, to which I refer, in answer to this interrogatory; and also failed to attend properly to my horses."

The plaintiff filed a motion to strike out, as not pertinent, that portion of the answer to the fourth interrogatory above referred to, because it was not categorical, nor so closely connected with the question, as to require explanation. The court sustained the motion as heretofore stated; to which ruling the defendant excepted.

Verdict and judgment for the plaintiff, for $246.66.

*Robert L. Foard*, for the appellant.

WHEELER, C. J.—On the authority of Graham v. Stephen, 15 Texas Rep. 88, and Bradley v. Bradley, 13 Texas Rep.

263, it must be held, that the court erred in sustaining the exceptions to the part of the fourth and sixth answers of the defendant to interrogatories, stricken out. The answer dealt very much in generalities ; and on that ground, perhaps, was objectionable. But it was not obnoxious to the objection, that it was not closely connected with the main fact to which the party was interrogated. The judgment must be reversed and the cause remanded.

Reversed and remanded.

BELL, J., did not sit in this case.