The CITY OF ODESSA, Appellant,

v.

Cora Alice LEA, Appellee.

No. 5666.

Court of Civil Appeals of Texas.
El Paso.

July 17, 1964.

Robert E. Hoblit, Asst. City Atty., Odessa, for appellant.

Mike R. Mason, Odessa, for appellee.

CLAYTON, Justice.

This is a suit for delinquent real property taxes, penalty, interest and costs filed by the City of Odessa against Cora Alice Lea on January 4, 1963. At a trial before the court without a jury the following facts were stipulated:

"1. The tax statement which is marked 'D–X 1' on real estate property tax for the year 1958, addressed to Cora Alice Lea, 1203 North Golder, Odessa, Texas, is introduced into evidence.

"2. On or about December 15, 1958, Mrs. Cora Alice Lea mailed to the City of Odessa, Texas, check number 216A, which is marked Exhibit 'D–X 2', for a hundred and seven dollars and ninety cents to pay the taxes evidenced by the statement which is Exhibit No. 1. The amount of taxes in Exhibit No. 1 is not clear and Mrs. Lea interpreted the amount to be $107.90. This check, $107.90, was received by the City of Odessa, Texas, in the month of January, 1959. This check, which is Exhibit 2, was returned by the City of Odessa to Mrs. Cora Alice Lea and was not accepted by it.

"3. At the time that Exhibit 2 was returned to Mrs. Lea, the City of Odessa, Texas, clarified the amount due as being $167.90. Pursuant thereto, Mrs. Lea mailed to the City of Odessa, Texas, a check for $167.90, which is the amount of taxes claimed by the City of Odessa, Texas, on property involved in this suit.

"4. That the City Ordinances relating to taxing procedures were valid and in force for the years 1958 through 1963.

"5. That in the month of February, 1959, defendant mailed to the City of

Odessa, Texas, plaintiff, and at that time plaintiff received, the sum of $167.90 for 1958 taxes, and this sum was refused by the plaintiff for the reason that plaintiff claimed such sum did not include interest and penalty for the month of February, 1959.

"6. The parties stipulate that the only dispute in this lawsuit is whether or not penalties and interest and costs are owed for the taxes."

In its judgment signed and entered on June 24, 1963 the court found from the facts stipulated that the City was entitled to interest at the rate of 6% per annum on $60.00 for one month, or $0.30, and penalty of 1% on $60.00, or $.60, together with interest on such amounts of 6% per annum from March 1, 1959 until paid, and that all costs incurred in the cause be taxed against the City. From this judgment the City appeals.

Appellant (plaintiff below) presents six points of error directed to the judgment of the court. Points 5 and 6 complain that the judgment is not supported by the evidence, but is contrary to the undisputed evidence which shows that the taxes were delinquent and unpaid. The stipulation between the parties agrees that the only dispute between them is "whether or not penalties and interest and costs are owed for the taxes". The court's judgment recites that the only issue in the cause is "what amount of taxes, interest and penalty, if any, are due and payable to the Plaintiff herein". No mention is made by the court at this point in its judgment as to costs, and this matter will be treated later in this opinion. The court, in arriving at its judgment that certain amounts of interest and of penalty were owing by appellee, must have found that a *certain* amount of taxes were delinquent and unpaid for a *certain* period of time. The dispute here, then, between the appellant and the court (since appellee has not favored us with a brief) is what amount of taxes were delinquent for what period of

time. We will overrule Points 5 and 6 and determine amounts and time later herein.

Appellant's Points 1 and 2 complain of the amount of penalty and interest allowed by the court. From the stipulations of the parties it seems clear that the taxes imposed on appellee for the year 1958 were in the amount of $167.90. The parties also agree that the ordinances for the City of Odessa relating to taxing procedures were valid and in force at all times pertinent to this cause. These ordinances adopt the provisions of Article 7336 of the Revised Civil Statutes of Texas. The statute provides:

"(a) * * * If any person fails to pay one-half (½) of the taxes, imposed by law upon him or his property, on or before the thirtieth day of November of the year for which the assessment is made, then *unless he pays all of the taxes* (imposed by law on him or his property), on or before the thirty-first day of the succeeding January, the following penalty shall be payable thereon, to-wit: During the month of February, one (1%) per cent; during the month of March, two (2%) per cent; during the month of April, three (3%) per cent; during the month of May, four (4%) per cent; during the month of June, five (5%) per cent; and on and after the first day of July, eight (8%) per cent.

"(b) All poll taxes and all ad valorem taxes, unless one-half (½) thereof have been paid on or before November thirtieth as hereinabove provided, shall become delinquent if not paid prior to February first of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts. * *

"(d) All delinquent taxes shall bear interest at the rate of six (6%) per cent per annum from the date of their delinquency. * * *

"(e) * * * the Assessor and Collector of Taxes shall calculate and charge all such penalties, interest and costs on all delinquent tax statements or delinquent tax receipts issued by him." (Emphasis supplied).

Section 17-31 of the Code of Ordinances of the City of Odessa adopts all laws of the State of Texas relating to the collection of delinquent taxes, interest, penalties and costs and provides a misdemeanor penalty for violation or failure to comply with the same.

The Charter of the City of Odessa provides, in Section 74, Article VI thereof:

"(c) The city council or any other officer of the city shall never extend the time for payment of taxes or remit, discount or compromise any tax legally due the city, or waive the penalty that may be due thereon to any person, * * * (Char. art. VI, Sec. 2.)"

 We believe it to be inescapable that the full amount of taxes owing for the year 1958, or $167.90, became delinquent on February 1, 1959 and remained delinquent at the time of this suit. This is true even though there was a tender in good faith of a lesser amount in January, 1959 and a good faith tender of the exact amount of taxes, but without accrued penalty and interest, in February, 1959. "The tax collector was not required to accept a part of appellant's taxes upon appellant's claim that that was all that was due." Lufkin Land & Lumber Co. v. Noble, 60 Tex.Civ.App. 30, 127 S.W. 1093 (1910; ref.). And as to penalty and interest, see Republic Ins. Co. v. Highland Park Independent School District, 123 S.W.2d 784 (Civ.App., 1938; dism. W. O. J.—Correct judgment, 133 Tex. 545, 125 S.W.2d 270):

"Appellant insists that penalties and interest should not apply, at least to the cash tender of $1220.64, paid into court on May 1, 1937. The three re-

serves being taxable, this deposit failed to the amount of taxes producible therefrom in being a full tender of the taxes legally due. In such a situation, *much as we would be inclined to disallow these demands,* this relief cannot be afforded, under State v. Fulmore, Tex.Civ.App., 71 S.W. 418, holding that 'in order to escape liability for the interest and penalties allowed by the statute, he [the taxpayer] should have tendered the amount of taxes legally due'." (Emphasis supplied). See also 54 Tex.Jur. 2d 329, § 135.

We are therefore constrained to approve appellant's Points 1 and 2 herein, and to hold that taxes in the amount of $167.90 were due and owing by appellee to appellant at the time of this suit, and had been delinquent since February 1, 1959, and upon such amount of taxes a penalty of 8% was due, together with interest at 6% per annum on the amount of taxes from February 1, 1959 and Collector's costs of $5.50. We estimate, without vouching for their accuracy, but by way of illustration, these amounts to be the same as those set out in Exhibit "A" attached to appellant's petition:

| | |
|---|---|
| Amount of taxes | $167.90 |
| Amount of penalty (8%) | 13.43 |
| Amount of interest (6%) | 40.30 |
| Collector's costs | 5.50 |
| Total at time of suit | $227.13 |

Appellant's Points 3 and 4 must also be sustained. These points complain of that part of the judgment herein which taxed all costs incurred in this cause against the appellant. In this, we feel that the trial court was in error. Article 7332, Vernon's Ann.Civ.St., provides that the County or District Attorney shall represent the state and county in all suits against delinquent taxpayers, and further provides that the compensation of said attorney shall be

**156**

such reasonable attorneys fees as may be incurred not exceeding ten per cent (10%) of the amount sued for. Article 7333, T.R.C.S., provides that such fees shall be taxed as costs and *in no case shall the State or county be liable therefor.* See Whelan v. State, 254 S.W.2d 558 (Civ. App., 1953, n. w. h.). Article 7343 provides that all the laws of this State for the purpose of collecting delinquent State and county taxes are available for, and when invoked *shall be applied to, the collection of delinquent taxes of incorporated cities and towns* in so far as applicable. The Article also sets out that the city attorney or other attorney filing such tax suits shall be entitled to the same fees as allowed the county or district attorney, to be taxed as costs in the suit. Section 6 of Article 7345b, T.R.C.S., again provides that certain expenses and attorney's fees in suits by taxing units (of which appellant here was one) shall be taxed as court costs. But under the authorities cited, it is here held that such costs are not chargeable to the appellant city. Furthermore, even under the limited judgment given the appellant in the trial court, the appellant was to that extent the successful party, and under the authority of Rule 131, Texas Rules Civil Procedure, all costs should not have been taxed against it. And under Rule 139, "If the judgment of the court above be in favor of the party appealing and for more than the original judgment, such party shall recover the costs of both courts; * * *." Parker v. Rolls, 338 S.W.2d 523 (Civ.App., 1960; n. w. h.). Hence, the judgment of the trial court must be reversed on Points 1 through 4, and all costs of court both here and below assessed against appellee.

Although it is found necessary that the judgment in this cause be reversed, the cause is remanded, however, for entry of judgment in the court below in accordance with the findings herein, including a determination of the proper amount of interest and penalty owing, and the amount of attorney's fees to be taxed as costs under prevailing statutes and authorities.

Ruling in this matter has been expedited under the mandate contained in Article 7345b, Sec. 11, T.R.C.S.