**DICKINSON INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Mary E. McGOWAN, Appellee.**

**No. 16600.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 29, 1976.

**128**

George J. Prappas, Houston, for appellant.

McLeod, Alexander, Powel & Apffel, James L. Ware, Galveston, for appellee.

EVANS, Justice.

A delinquent ad valorem tax case.

Appellant, Dickinson Independent School District, brought this suit against appellee, Mary E. McGowan, to collect delinquent ad valorem taxes assessed by the School District for the year 1967 in the amount of $406.20 plus penalty, interest, costs and attorney's fees, resulting in a total sum of $680.37. Appellee plead payment of the taxes and tendered into court the sum of $406.20. After a non-jury trial, judgment was rendered that appellant recover from appellee said sum of $406.20 without interest and all other relief was expressly denied. Costs of suit were charged against appellant.

The trial court filed findings of fact, unchallenged in this court, which establish the following:

Appellee has owned the land in question since 1940. During the years 1941 through 1973, appellee paid the annual school district taxes on the land by mailing her personal checks to appellant. These checks were always accepted by appellant and it never objected to the manner of payment. On December 27, 1967, appellee mailed her personal check for $406.26 to appellant in payment of the 1967 taxes. However, this check was apparently lost in the mail or in appellant's office since appellant had no record of having received it. Due to ill health and personal concerns, appellee did not carefully check her bank statements and therefore did not realize the check had not been cashed until she received a delinquent tax notice from appellant in the latter part of 1969. This notice demanded payment of the tax of $406.26, plus interest, penalty and attorney's fees in the amount of $78.19. Promptly on receiving this notice, appellee mailed another check to appel-

lant on October 18, 1969, in the amount of $406.26, but this was returned because it did not include the penalty, interest and attorney's fees.

Based on these findings the trial court concluded, as a matter of law, that appellee's posting of her letter of December 27, 1967, addressed to appellant, in which she enclosed her check for the amount of the 1967 tax, constituted payment of the tax upon "the usual course of dealing between the parties," even though the letter was lost. In its first point of error appellant attacks this legal conclusion.

In support of the trial court's judgment, appellee relies upon *Fant v. Miller,* 218 S.W.2d 901, 903 (Tex.Civ.App.—Texarkana, 1949, ref'd n. r. e.), wherein the following statement appears from 40 Am.Jur., Sec. 36, p. 737:

"It is firmly established that payment may be made by mail where, by the creditor's express direction or assent, the usual course of dealing between the parties, or other facts from which such direction or assent may be inferred, the creditor has authorized the money to be thus delivered to him. In such a case, the posting of a letter inclosing the remittance as directed constitutes payment, although the letter is lost, and a delay of the remittance in the mail will not result in a forfeiture or loss of the rights through non-payment."

While we recognize that the legal relationship of private parties may be altered through custom or course of dealing, taxes are deemed paid only when the proper amount thereof is received by the proper official in cash or its equivalent, *Stelter v. Calvert,* 456 S.W.2d 202 (Tex.Civ.App.—Austin, 1970, no writ); 72 Am.Jur.2d, Sections 839–840, pp. 144–146. In the absence of some constitutional or statutory requirement, taxing officials are under no obligation to accept checks in payment of taxes and the fact that payments by check are usually and customarily received by the taxing authorities does not give legal sanctity to such method of payment. In *Mul-*

*drow v. Texas Frozen Foods,* 157 Tex. 39, 299 S.W.2d 275 (1957), the Texas Supreme Court, speaking through Justice Walker, stated:

"Since an individual is free to accept a check as conditional payment and the condition is satisfied when the instrument is paid, it is proper to treat the payment as having been made at the time the paper was received. We have concluded, however, that this rule cannot be applied to the payment of taxes by check. In the absence of a constitutional or statutory provision authorizing payment in some other medium, taxes must always be paid in money . . . Our Constitution and statutes do not provide for the payment of taxes by check, and no official can obligate the State to accept such an instrument as either absolute or conditional payment . . .

"We know that collecting officials customarily accept personal checks for taxes. If a check given for this purpose is promptly paid when first presented in due course to the drawee bank, then for all practical purposes the funds are as readily available to the taxing authority as if payment had been made in money. Under these circumstances we would have no difficulty in holding that the check was the legal equivalent of money and that the taxes were discharged when the payment was received by the collecting official. But if the instrument is dishonored when presented to the bank, it cannot be said that the taxes were paid at the time the check was received.

"The use of a check to pay taxes is always at the risk of the taxpayer, for whose accommodation the receiving official acts in attempting to collect the same . . . ."

We hold that the posting of the letter of December 27, 1967, by appellee addressed to appellant, enclosing her personal check for the 1967 tax, did not constitute payment of the tax. We, therefore, sustain appellant's first point of error.

In its second, third and fourth points of error appellant contends the trial court erred in failing to render judgment against appellee for penalty and interest in addition to the amount of the 1967 tax. It is appellee's position that the mailing of the remittance of the amount of the 1967 taxes by appellee on December 27, 1967, and again, after receipt of the delinquent tax notice, on October 18, 1969, constituted effective tenders which preclude the attachment of penalty, interest and costs. While we again recognize some equitable basis for appellee's position, the authorities do not support her contention. A proper tender may avoid the addition of penalty and interest. However, for such tender to be effective, it must be for the full amount owing at that time. A tax official is not required to accept partial payment of taxes upon the taxpayer's claim that such amount is all that is due. *Lufkin Land & Lumber Company v. Noble,* 60 Tex.Civ.App. 30, 127 S.W. 1093, 1098 (1910, writ ref'd). A tender of the exact amount of the taxes due, but without including the proper amount of the statutory penalty and interest then due thereon, is ineffective. *City of Odessa v. Lea,* 381 S.W.2d 153 (Tex.Civ.App.—El Paso, 1964, no writ); 72 Am.Jur.2d, Sec., 841, p. 146. We sustain appellant's second, third and fourth points of error.

Appellant's fifth and sixth points of error assert error on the part of the trial court in failing to render a judgment in its favor for costs and attorney's fees. Appellant has withdrawn its contention that it is entitled to attorney's fees and in view of our determination that appellant is entitled to recover judgment against appellee for the amount of the 1967 taxes, penalties and interest, all costs will be adjudged against appellee under Rule 139, Texas Rules of Civil Procedure.

The trial court's judgment awarding the appellant, Dickinson Independent School District, recovery against appellee, Mary E. McGowan, for the sum of $406.20, is affirmed. The judgment of the trial court denying appellant's claim for attorney's fees in the amount of $61.85 is also affirmed. The judgment of the trial court denying recovery to appellant of the claimed amount of penalty and interest due on said taxes is reversed and judgment is rendered in favor of appellant against appellee for the amount of $32.50 as penalty, and the amount of $178.76 as interest. All costs of suit are taxed against appellee.