**John STRATTON, Jr., et ux., Appellants,**

v.

**DEL VALLE INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 12498.**

Court of Civil .Appeals of Texas, Austin.

Feb. 23, 1977.

Rehearing Denied March 16, 1977.

John Robert Stratton, Austin, for appellants.

J. C. Hinsley, Austin, for appellee.

SHANNON, Justice.

Appellee, Del Valle Independent School District sued appellants, John Stratton, Jr., and his wife Eulane Stratton, in the district court of Travis County for delinquent taxes due against realty. After trial to the court, judgment was entered for appellee fixing a lien against the realty in the sum of $2,968.13 representing taxes, penalty, and interest. We will affirm that judgment.

In its trial petition appellee pleaded for recovery of taxes, penalty, and interest on a 1-acre tract, a 1.36-acre tract, and a 2-acre tract. Appellants' trial pleading was a general denial.

At trial the district court admitted a certified copy of the official tax roll of the Del Valle Independent School District showing the taxes, penalty, and interest due against appellants' three tracts of land. On cross-examination John Stratton, Jr., testified that he and his wife owned the three tracts of land, that the three tracts were situated in Del Valle Independent School District, that he was aware that there were delinquent taxes "on" the three tracts, that he had not "rendered" the three tracts for purposes of taxation. Stratton admitted that his chief complaint was not that the taxes were not due and owing but instead that appellee's tax records had misdescribed the land that he and his wife owned. For years appellee had mistakenly listed the 1-acre tract and 2-acre tract on the tax rolls as a single tract of 2.9 acres.

Upon request, the court filed findings of fact and conclusions of law. Among other things, the court found that appellee is legally constituted and authorized to levy, assess, and collect the taxes in question, and the said taxes, concerned in this appeal, were duly and legally assessed. All required notices concerning the taxes were given by appellee. Appellants had title to the land involved. Appellants knew the taxes were delinquent, and appellants refused to tender payment or pay those taxes or any part thereof. Appellants did not render the land for taxation. Appellants paid State and County taxes on the same tracts of land and therefore knew what property was involved in the instant suit. The court concluded that $2,968.13 was due and owing appellee and that a lien existed in that sum on the said tracts.

Appellants' points of error one through three claim that the court's finding that appellee had lawfully and properly assessed the 2-acre tract and the 1-acre tract was supported by no evidence or that the finding was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

By the admission of the certified copy of appellee's delinquent tax record, a presumption was raised that there was a valid levy and assessment of the taxes in issue made by a legally constituted taxing authority and that all conditions precedent to such assessment and levy had been performed. Whaley v. Nocona Independent School District, 339 S.W.2d 265 (Tex.Civ. App. 1960, writ ref'd), Newton v. Highland Park Independent School District, 361 S.W.2d 916 (Tex.Civ.App. 1962, no writ).

There was evidence that appellee had assessed two tracts of land as one single tract. Nevertheless, appellants were not misled or harmed by that misdescription and appellants were aware that it was the two tracts to which the assessment referred. See Victory v. State, 138 Tex. 285, 158 S.W.2d 760 (1942). Moreover, if the consolidation of the two tracts constituted an erroneous assessment, that assessment was in effect validated by Tex.Rev.Civ.Stat. Ann. art. 7351 (1960). Article 7351 validates among other things, an assessment wherein the assessor failed to give a separate value on each lot, block, or tract of land, or stated in other terms, where the assessor made a "bulk assessment." Points of error one through three are overruled.

Points of error four and five claim error in the admission into evidence of the certified copy of appellee's official tax roll showing the taxes, penalty, and interest due against appellants' land. The copy of the tax roll was admitted into evidence without objection. Whatever objection appellants

may have had was waived by appellants' failure to object. *Hill v. Baylor,* 23 Tex. 261 (1859), *Bohanan v. Hans,* 26 Tex. 445 (1863), *Barrera v. Duval County Ranch Company,* 135 S.W.2d 518 (Tex.Civ.App. 1939, writ ref'd.), 1 McCormick and Ray, *Texas Law of Evidence* § 27 (2nd Ed. 1956).

The final points of error maintain that the district court's finding that appellants refused to pay the taxes or to tender any amount in payment thereof was supported by no evidence or that the finding was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust. Upon this finding judgment was entered against appellants for penalty and interest.

██ In general, a tender is an unconditional offer by the debtor to pay another a sum of money not less in amount than that due on an obligation. *Baucum v. Great American Insurance Co. of New York,* 370 S.W.2d 863 (Tex. 1963). An offer to pay less than the sum due is ineffectual as a tender. *French v. May,* 484 S.W.2d 420 (Tex.Civ.App. 1972, writ ref'd n.r.e.). The same rule should be, and is, applicable in tax cases. See *Lufkin Land & Lumber Co. v. Noble,* 60 Tex.Civ.App. 30, 127 S.W. 1093 (1910, writ ref'd.), *Dickinson Independent School District v. McGowan,* 533 S.W.2d 127 (Tex.Civ.App. 1976, no writ).

██ John Stratton, Jr., knew that the taxes were delinquent on the three tracts of land. Stratton never unconditionally tendered appellee payment for what he thought the taxes would be. Stratton did tell the officials of the taxing authority that he ". . . would pay them [the taxes] if they [appellee] would straighten them [the description of the tracts] out." Mrs. Stratton testified that she had offered to pay the taxes on the property she owned ". . . if they [appellee] would straighten the 9 point, that acre out, the 2.9." Appellants' points are overruled because appellants' conditional offer to pay was not an effective tender of the amount due.

The judgment is affirmed.